**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| DANIEL SENTENO, <br><br> Plaintiff, <br><br> v. <br><br> ON DECK CAPITAL, INC., NOAH BRESLOW, JANE J. THOMPSON, RONALD F. VERNI, CHANDRA DHANDAPANI, BRUCE P. NOLOP, MANOLO SANCHEZ, DANIEL HENSON, NEIL E. WOLFSON, ENERGY MERGER SUB, INC., and ENOVA INTERNATIONAL, INC., <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934** <br><br> **JURY TRIAL DEMAND** |

Plaintiff Daniel Senteno ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff brings this action as a stockholder of On Deck Capital, Inc. ("OnDeck" or the "Company") against OnDeck's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, arising out of the Board's attempt to sell the Company to Enova International, Inc. through its wholly-owned subsidiary, Energy Merger Sub, Inc. (collectively, "Enova").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading registration statement (the "S-4") to be filed with the United States Securities and Exchange Commission ("SEC") on August 25, 2020. The S-4 recommends that OnDeck stockholders vote in favor of a proposed transaction (the "Proposed

Transaction") whereby OnDeck will be acquired by Enova. The Proposed Transaction was first disclosed on July 28, 2020, when OnDeck and Enova announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Enova will acquire all of the outstanding shares of common stock of OnDeck for $0.12 in cash and 0.092 shares of Enova common stock per share (the "Merger Consideration"). The deal is valued at approximately $90 million and is expected to close in 2020.

3. The S-4 is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the S-4 contains materially incomplete and misleading information concerning the sales process, financial projections prepared by OnDeck's management, and the financial analyses conducted by Evercore Group L.L.C. ("Evercore"), OnDeck's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the S-4 with the SEC or otherwise causing an amendment to the S-4 to be disseminated to OnDeck's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to OnDeck's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of OnDeck.

6. Defendant OnDeck is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 1400 Broadway, 25th

Floor, New York, New York 10018.  OnDeck's common stock trades on NYSE under the ticker symbol "ONDK."

7. Defendant Noah Breslow ("Breslow") has been Chief Executive Officer of the Company and Chairman of the Board since 2012.

8. Defendant Jane J. Thompson ("Thompson") has been a director of the Company since 2014.

9. Defendant Ronald F. Verni ("Verni") has been a director of the Company since 2012.

10. Defendant Daniel Henson ("Henson") has been a director of the Company since 2016.

11. Defendant Neil E. Wolfson ("Wolfson") has been a director of the Company since 2011.

12. Defendant Chandra Dhandapani ("Dhandapani") has been a director of the Company since 2018.

13. Defendant Bruce P. Nolop ("Nolop") has been a director of the Company since 2016.

14. Defendant Manolo Sánchez ("Sánchez") has been a director of the Company since 2018.

15. Defendants Breslow, Thompson, Verni, Henson, Wolfson, Dhandapani, Nolop and Sánchez are collectively referred to herein as the "Board" or "Individual Defendants."

16. Defendant Enova International, Inc. is a Delaware corporation.  Enova International, Inc.'s principal executive offices are located at 175 West Jackson Blvd., Chicago, Illinois 60604.  Enova International, Inc.'s common stock trades on NYSE under the ticker symbol

"ENVA."

17.     Defendant Energy Merger Sub, Inc. is a Delaware corporation and is a wholly-owned subsidiary of Enova International, Inc.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19.     Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

20.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) a significant amount of the conduct at issue took place and had an effect in this District; and (ii) OnDeck is incorporated in this District.

## SUBSTANTIVE ALLEGATIONS

**A.     Background of the Company and the Proposed Transaction**

21.     OnDeck, founded in 2006, uses data analytics and technology to provide loans and lines of credit to small businesses.  Loans can be approved immediately and funded in as little as 24 hours.  In 2019, OnDeck originated $2.5 billion of loans, recorded gross revenue of $444.5 million and generated $28 million of net income.

22.     On July 28, 2020, OnDeck and Enova entered into the Merger Agreement.

23.     According to the press release issued on July 28, 2020 announcing the Proposed Transaction:

**Enova to Acquire OnDeck to Create a Leading FinTech Company Serving Consumers and Small Businesses**

*Transaction Valued at $1.38 Per Share, Including $0.12 in Cash; Represents 90.4% Premium to OnDeck's Closing Price as of July 27, 2020*

*Highly Accretive Transaction with Significant Cost and Revenue Synergy Opportunities*

*Combines World-Class Capabilities in Consumer and Small Business Online Lending Creating a Company with Scale and Financial Strength to Drive Further Growth and Shareholder Value*

**CHICAGO and NEW YORK – July 28, 2020 –** Enova International (NYSE: ENVA) and OnDeck® (NYSE: ONDK), today announced that they have entered into a definitive agreement under which Enova will acquire all outstanding shares of OnDeck in a cash and stock transaction valued at approximately $90 million. The implied price of $1.38 per OnDeck share reflects a 43.6% premium to its 90-day volume weighted average price and a 90.4% premium based on the closing price of $0.73 per OnDeck share on July 27, 2020.

This transaction brings together two complementary, market-leading businesses combining world-class capabilities in consumer and small business online lending. Enova and OnDeck are both innovators that have helped revolutionize online lending, using data and advanced analytics to simplify and expand access to financial services for underserved borrowers, while providing an unparalleled customer experience. Enova will add the OnDeck brand, products and services to its existing industry-leading portfolio to create a combined company with significant scale and diverse product offerings in consumer and small business market segments that banks and credit unions have difficulty serving. Together, Enova and OnDeck had $4.7 billion in originations in 2019 and have served approximately 7 million customers.

"This strategic transaction, which brings together two FinTech leaders, is a great opportunity for customers, employees and shareholders of both companies," said David Fisher, CEO of Enova. "Together, our companies will be stronger because of the complementary strengths and synergies of our businesses. Acquiring a premier online small business lender and its ODX bank platform, and welcoming its innovative and talented team to Enova, will increase our scale and resources, providing us with opportunities to accelerate growth in our increasingly diversified portfolio as we continue to execute on our strategy to create long-term value for all of our stakeholders."

Noah Breslow, OnDeck Chairman and CEO said, "I am proud of the business we have built and the more than $13 billion of financing we have provided to underserved small businesses since our founding in 2006. Following an extensive

review of our strategic options, we believe this is the right path forward for our customers, employees and shareholders. Joining forces with Enova, a highly-respected and well-capitalized leader in online lending, and leveraging our combined scale and strengths, provides the best opportunity for our long-term success."

**Expected Strategic and Financial Benefits**

- ***Highly Complementary Portfolio of Leading Brands:*** The combined company will have a portfolio of leading brands and products, with the scale and resources to invest in and drive innovation. Both companies are known for their data and advanced analytics, having created highly predictive, proprietary credit scoring systems for their respective markets.

- ***Enhanced Ability to Serve Changing Industry and Customer Landscapes:*** Together, Enova and OnDeck will be well positioned to further support small businesses and consumers in the wake of the COVID-19 pandemic. Both are mission-driven companies focused on empowering the growth and success of small businesses by providing access to efficient and transparent capital and helping hardworking people get access to fast, trustworthy credit.

- ***Increased Scale and Financial Strength:*** The combination will create a leading online financial services company with increased scale, more diversified revenues, stronger cash flow potential, meaningful synergies and increased flexibility to drive growth, profitability and shareholder value.

- ***Experienced Management and Strong, Innovative Cultures:*** Enova and OnDeck share innovative and customer-oriented cultures, led by experienced management teams who are committed to creating a great place to work for team members. Enova and its management also have a strong history of successfully executing and integrating transactions.

- ***Significant Shareholder Value Creation Opportunities:*** The transaction is anticipated by Enova to result in approximately $50 million in annual cost synergies and approximately $15 million in run-rate net revenue synergies to be fully phased-in by year-end 2022. The transaction is expected to be accretive in the first year post-closing and will generate earnings per share accretion of more than 40% when synergies are fully recognized. Shareholders of both companies will further benefit from the opportunity for long-term growth and upside through ownership in a stronger and more dynamic combined company.

- ***Strong Balance Sheet and Access to Capital Markets:*** On a pro forma basis, the combined company is expected to have a well-capitalized balance sheet and industry-leading profitability metrics. Enova has a strong funding profile and proven ability to access capital markets to fund and accelerate growth. As of March 31, 2020, on a pro forma basis the companies had combined gross receivables of $2.4 billion, 61% of which were small business assets and 39% consumer assets. For the year ended December 31, 2019, on a pro forma basis including synergies, Enova and OnDeck had estimated combined gross revenue of $1.65 billion, adjusted EBITDA of $427 million and adjusted earnings of $215 million.

**Transaction Details**

The transaction is valued at approximately $90 million, of which $8 million will be paid in cash. Under the terms of the agreement, OnDeck shareholders will receive $0.12 cents per share in cash and 0.092 shares of Enova common stock for each share of OnDeck held.

Upon completion of the transaction, OnDeck shareholders will own approximately 16.7% of the combined entity, with Enova shareholders owning approximately 83.3%.

The transaction has been unanimously approved by the boards of directors of both companies and is subject to OnDeck shareholder approval and HSR approval, along with customary closing conditions. The transaction is expected to close this year.

**Board and Management**

Mr. David Fisher will continue to lead the combined company. Mr. Noah Breslow will join the company as Vice Chairman and serve on the Enova management team.

**B.     The Materially Incomplete and Misleading S-4**

24.    The Individual Defendants must disclose all material information regarding the Proposed Transaction to OnDeck stockholders so that they can make a fully informed decision whether to vote in favor of the Proposed Transaction.

25.    On August 25, 2020, defendants filed the S-4 with the SEC. The purpose of the S-4 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote their shares in favor of the Proposed

Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, OnDeck stockholders cannot make a fully informed decision concerning whether or not to vote in favor of the Proposed Transaction.

*Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts*

26. The S-4 discloses management-prepared financial projections for the Company which are materially misleading. The S-4 indicates that in connection with the rendering of Evercore's fairness opinion, Evercore reviewed "certain internal projected financial data relating to OnDeck and furnished to Evercore by the management of OnDeck." Accordingly, the S-4 should have, but failed to, provide certain information in the projections that OnDeck's management provided to the Board and Evercore.

27. Notably, defendants failed to disclose how the financial projections relate to the 2020 financial forecasts provided to parties on May 8, 2020, the two scenarios discussed with the Board on June 4, 2020, the updated scenarios discussed with the Board on June 16, 2020, and the refined scenarios discussed with the Board on June 30, 2020. The S-4 also fails to disclose dividends or the additional information necessary to enable shareholders to calculate dividends based on the formula alluded to by Evercore: "Evercore then calculated the maximum amount of possible dividends that could be paid out in each year from the last six months of calendar year 2020 through calendar year 2024 based on a TCE/TA of 20%." The additional information should include a minimum of: (a) the June 30, 2020 total assets; (b) the June 30, 2020 tangible common equity; (c) projected net income for the six months ending December 31, 2020; and (d) total assets as of December 31 for each year thereafter through 2024. This omitted information is necessary for OnDeck stockholders to make an informed decision on whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning Evercore's Financial Analyses*

28.     With respect to the *Selected Public Company Trading Analysis* for OnDeck, the S-4 fails to disclose the multiples for 2020E EPS, 2021E EPS and TBVPS for each company. The S-4 also fails to disclose the data used by Evercore to derive the cost-of-equity discount rates for OnDeck. This omitted information is important because the discount rate range applied to OnDeck appears to be arbitrarily determined and far too high, given the Company's adjusted beta of 2.381.

29.     With respect to the *Selected Public Company Trading Analysis* for Enova, the S-4 fails to disclose the multiples for 2020E EPS, 2021E EPS and TBVPS for each company. The S-4 also fails to disclose the data used by Evercore to derive the cost-of-equity discount rates for Enova.

30.     In addition, the implied value of the Merger Consideration is $1.38 per share, as used by Evercore in its financial analyses. That is at the lower end of the analyst price targets. The S-4 does not disclose all of the price targets, which would enable stockholders to determine whether the $2.00 per share price target is an outlier. Similarly, the S-4 fails to disclose all of the analyst price targets for Enova.

*Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

31.     The S-4 also fails to disclose material information concerning the sales process. For example, in March 2020, the Board authorized OnDeck management to solicit proposals from investment banks to assist the Board in a strategic review. The S-4 does not disclose if the Company's management considered the financial advisor used during the process to acquire Party A.

32.     During the same month, the Board directed Evercore to reach out to parties that may have had an interest in a strategic transaction with the Company. However, the S-4 does not

disclose whether the Board met in March 2020 to discuss a strategic process, or how the Board directed Evercore to contact parties without a meeting.

33. Evercore also provided the Board with preliminary financial analyses at numerous meetings. However, the S-4 fails to disclose these analyses, including the preliminary analysis of historical market premiums paid in transactions involving public companies in the lending industry as reviewed with the Board on May 7, 2020; the preliminary overview of each of the preliminary financial projection scenarios as reviewed with the Board on June 4, 2020; the preliminary financial analysis based on the updated financial projection scenarios as reviewed with the Board on June 16, 2020; the preliminary financial analysis of the proposals received from Party E, Party G and Enova, including a contribution analysis with respect to Enova's proposal, as reviewed with the Board on July 7, 2020; updated preliminary financial analyses based on the financial projection scenarios as reviewed with the Board on July 10, 2020; the updated preliminary financial analysis reviewed with the Board on July 12, 2020, which included updated analyses comparing Enova's updated proposal against the preliminary financial analysis of OnDeck based on financial projection scenarios and the Party E updated proposal; and an updated preliminary financial analysis based on further analysis of the Enova financial projections as adjusted by OnDeck management, as reviewed with the Board on July 26, 2020.

34. Out of 84 parties contacted during the sales process, the Company entered into confidentiality agreements with 36. The S-4 notes that on May 8, 2020, Evercore shared the 2020 financial forecast with "the potential counterparties who had entered into confidentiality agreements and remained involved" in the sales process. However, the S-4 does not disclose how many parties received those forecasts, and whether Enova was one of those parties.

35. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, stockholders were not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. Without all material information, OnDeck's stockholders are unable to make a fully informed decision in connection with the Proposed Transaction and face irreparable harm, warranting the injunctive relief sought herein.

36. In addition, the Individual Defendants knew or recklessly disregarded that the S-4 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

37. Specifically, the Individual Defendants undoubtedly reviewed the contents of the S-4 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the S-4 omits the material information referenced above and contains the incomplete and misleading information referenced above.

38. Further, the S-4 indicates that on July 28, 2020, Evercore reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to OnDeck's stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Evercore's financial analyses which has been omitted from the S-4, and thus knew or should have known that such information has been omitted.

39. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to

prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Defendants have filed the S-4 with the SEC with the intention of soliciting OnDeck's stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the S-4, which fails to provide the material information referenced above.

42. In so doing, defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of OnDeck, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

43. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

44. Specifically, and as detailed above, the S-4 violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of OnDeck's shares and the financial analyses performed by Evercore in support of its fairness

12

opinion; and (iii) the sales process.

45. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the S-4 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the S-4 states that Evercore reviewed and discussed its financial analyses with the Board during various meetings including on July 28, 2020, and further states that the Board relied upon Evercore's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the S-4, rendering the sections of the S-4 identified above to be materially incomplete and misleading.

46. The misrepresentations and omissions in the S-4 are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

47. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of OnDeck within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of OnDeck and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the incomplete and misleading statements contained in the S-4 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the S-4 and other statements alleged by Plaintiff to be misleading prior to the time the S-4 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The S-4 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the S-4.

51. In addition, as the S-4 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The S-4 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the S-4 with the SEC or otherwise disseminating an amendment to the S-4 to OnDeck's stockholders unless and until defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the S-4;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 3, 2020                              **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
**OF COUNSEL:**                                            Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
**ROWLEY LAW PLLC**                                    Wilmington, DE 19801
Shane T. Rowley                                              Telephone: (302) 295-5310
Danielle Rowland Lindahl                                Facsimile: (302) 654-7530
50 Main Street, Suite 1000                              Email: bdl@rl-legal.com
White Plains, NY 10606                                   Email: gms@rl-legal.com
Telephone: (914) 400-1920
Facsimile: (914) 301-3514                                *Attorneys for Plaintiff*